UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LAYTON SCOTT TURNER,

           Plaintiff,

           -against-

DETECTIVE DELLEMO, 84th PCT.; ERIC MEGGET,
Legal Aid; GROVER FRANCIS, Legal Aid Assistant;
JUDGE ANN M. DORNELLY[1];

           Defendants.
----------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-4392 (CBA) (LB)

**AMON, Chief United States District Judge:**

Plaintiff Layton Scott Turner, who is currently incarcerated at the Otis Bantum Correctional Center, filed this <u>pro se</u> action seeking monetary damages pursuant to 42 U.S.C. § 1983 on July 20, 2015.[2] Turner's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, however, Turner's motion for a change of venue, (D.E. # 6), is denied, and his complaint is dismissed in part.

## BACKGROUND

This action arises from Turner's arrest on February 1, 2013. (D.E. # 1, Compl., at 4.) Turner alleges that two detectives forced a complaining witness to choose him from a lineup and that he was then transferred to the 84th Precinct of the New York City Police Department ("NYPD"), where he was interrogated by defendant Detective Dellemo. (<u>Id.</u> at 4, 6.) Although

---

[1] Although spelled "Dornelly" in the docket caption, Turner identifies this defendant as Judge Ann M. Donnelly. (D.E. # 1, Compl. at 1.)
[2] Because Turner did not include an application to proceed <u>in forma pauperis</u> or a Prisoner Authorization form with his initial submission, the Clerk's Office instructed him that he must either pay the filing fee or submit those documents to proceed with this action. (See D.E. # 2.) Turner filed an <u>in forma pauperis</u> application on August 18, 2015, and a Prisoner Authorization form on October 8, 2015. (D.E. # 5, 9.)

1

Turner's factual allegations are difficult to discern, he appears to allege various misconduct by Detective Dellemo throughout the subsequent criminal proceedings. (Id.) It appears that defendant Judge Ann M. Donnelly presided over those state criminal proceedings and that Turner was represented by court-appointed counsel from the Legal Aid Society, defendants Eric Megget and Grover Francis. (Id.)

Turner expresses dissatisfaction with both his legal representation and the course of the proceedings before Judge Donnelly. (Id. at 6.) Turner also alleges that he sustained numerous injuries during the course of his incarceration. (Id. at 5.) Although the precise nature of his claims are not clear, he does not contend that any of the named defendants caused these injuries. Instead, Turner appears to claim that Judge Donnelly and his attorneys were aware of these injuries, but did not take steps to ensure that he received adequate treatment. (Id.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Upon review, a district court shall dismiss sua sponte any such complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), mandates sua sponte dismissal of frivolous prisoner complaints).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, non-conclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To avoid dismissal, a plaintiff must state a claim that is "plausible on its face" by alleging sufficient facts to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although a pro se complaint must contain sufficient factual allegations to meet this standard, it is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe the pleadings liberally and interpret them as raising the strongest arguments they suggest. Abbas, 480 F.3d at 639.

## DISCUSSION

Turner challenges his 2013 arrest and the subsequent state criminal proceeding. For the reasons stated below, his claims against Judge Donnelly, Megget, and Francis are dismissed without leave to amend. His remaining claims may proceed as construed by the Court below.

### I. Claims Dismissed Without Leave to Amend

Turner filed a similar complaint against Judge Donnelly, Megget, and Francis in 2013. See Turner v. Dornelly, No. 13-CV-6391 (SLT) (LB). By Memorandum and Order dated November 25, 2013, the Honorable Sandra L. Townes, United States District Judge, dismissed that complaint in its entirety. See id., slip op. (E.D.N.Y. Nov. 25, 2013) (D.E. # 9). For the reasons expressed by Judge Townes and set forth below, Turner's claims against Judge Donnelly, Megget, and Francis are once again dismissed.

Turner's claims against Judge Donnelly must be dismissed because judges have absolute immunity for acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). This absolute "judicial immunity is not

overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or in excess of his authority." Mireles, 502 U.S. at 11 (internal citation and quotation marks omitted). Because all of Turner's factual allegations concerning Judge Donnelly involve acts performed within her judicial capacity—including any allegation that she did not order further medical evaluation when Turner complained he was not receiving adequate treatment for injuries sustained in prison—judicial immunity bars these claims. See id.

Turner's claims against Meggett and Francis must be dismissed because these defendants are private parties. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of § 1983 simply by virtue of their state-issued licenses to practice law." Manko v. Steinhardt, 11-CV-5430 (KAM) (LB), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (citing Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975) (private attorney not a state actor)). Moreover, "public defenders, including Legal Aid attorneys, court-appointed counsel and private attorneys do not act under the color of state law merely by virtue of their position." Delarosa v. Serita, 14-CV-737 (MKB), 2014 WL 1672557, at *3 (E.D.N.Y. Apr. 28, 2014); see also Rodriguez v. Weprin, 116 F.3d 62, 65–66 (2d Cir. 1997) (private attorney not a state actor by virtue of court-appointed representation of a criminal defendant). Accordingly, Turner fails to state a cognizable claim against Meggett and Francis.[3]

For these reasons, all claims against Judge Donnelly, Megget, and Francis are dismissed without leave to amend. 28 U.S.C. § 1915A(b); see also Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006) ("[L]eave to amend a complaint may be denied when amendment would

---

[3] To the extent Turner seeks to raise a claim for ineffective assistance of counsel, such a claim must be asserted through a petition for a writ of habeas corpus or post-conviction relief, first in the state courts, and then in the federal courts. See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies prior to filing a federal habeas claim).

4

be futile."). Turner is cautioned that any further filings asserting similar claims against these defendants will likewise be dismissed.

**II.    False Arrest and Malicious Prosecution**

Turner alleges that his constitutional rights were "violated when [a] malicious prosecution began, in a Brooklyn precinct . . . where two detectives forced a complaining witness to choose me in a line-up on February 1, 2013." (Compl. at 4.) Turner further alleges that Detective Dellemo allowed the prosecution to proceed despite having been informed that this had occurred. Construed liberally, these allegations raise § 1983 claims for false arrest and malicious prosecution, as well as analogous state law claims.

To state a claim for false arrest under § 1983 or a false arrest or false imprisonment claim under New York law,[4] a plaintiff must satisfy the same four basic elements: that "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Jocks v. Tavernier, 316 F.3d 128, 134–35 (2d Cir. 2003); see also Harris v. County of Nassau, 581 F. Supp. 2d 351, 354–55 (E.D.N.Y. 2008). Critically, to avoid dismissal a plaintiff must show that law enforcement acted without the support of probable cause. See Fleming v. Mattingly, No. 08–CV–3074 (ARR) (LB), 2012 WL 2953969, at *4–5 (E.D.N.Y. July 19, 2012). Here, Turner alleges that two unidentified NYPD officers forced a complaining witness to identify him in a lineup and that Detective Dellemo proceeded with the subsequent interrogation and prosecution knowing that this had occurred. The Court construes these allegations as asserting federal and state false arrest

---

[4] The torts of false arrest and false imprisonment are the same under New York law. See Liranzo v. United States, 690 F.3d 78, 91 n.13 (2d Cir. 2012) (citing Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991)).

5

and false imprisonment claims against Detective Dellemo and the two police officers who arrested him. These claims may proceed.

To state a claim for malicious prosecution under federal or New York law, a plaintiff must allege "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995). Nothing in the pleadings indicates when, if ever, the underlying state court proceedings terminated in Turner's favor. To the contrary, Turner's submissions suggest that the proceeding are ongoing. (See Compl. at 2.) Turner's malicious prosecution claims are therefore deficient as a matter of law and must be dismissed. See Rivera v. City of N.Y., No. 10 Civ. 1047 (LTS) (GWG), 2011 WL 5979210, at *3 (S.D.N.Y. Nov. 30, 2011) (dismissing malicious prosecution claim because "[p]laintiffs have not alleged an essential element—favorable termination of the prosecution"). If (and only if) those proceedings have terminated in his favor, however, Turner is granted leave to amend his malicious prosecution claims accordingly.

### III. Younger Abstention

Turner also filed a "motion for change of venue," which is captioned for New York Supreme Court, Kings County, but was filed in this action. (D.E. # 6.) Although Turner refers to the United States District Court, that motion appears to request a change of venue for the trial in Turner's pending state court action. (See id. (seeking an Order "removing the trial of the aforesaid indictment from the Brooklyn, United States District Court, EDNY of Kings County to a term of the afore[]said United States District Court, EDNY, 100 Federal Plaza, Central Islip, held in

another County on the ground that a fair and impartial trial cannot be had in the County of Kings").)

To the extent Turner seeks this Court's intervention in his ongoing criminal proceeding, the Court must abstain. See Younger v. Harris, 401 U.S. 37, 43–45 (1971) (holding that, in general, federal courts should refrain from enjoining or otherwise interfering in ongoing state proceedings). Accordingly, Turner's motion for change of venue is denied. If Turner wishes to seek a change of venue in his pending state proceedings, he is advised to direct that request to the state court.

## CONCLUSION

For these reasons, Turner's motion for change of venue is denied. Turner's claims against Judge Donnelly, Megget, and Francis are dismissed without leave to amend pursuant to 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants and the Clerk of Court shall amend the caption to reflect the dismissal of these parties. Turner's malicious prosecution claims are dismissed with leave to amend only if Turner can plead that the state court proceedings against him have terminated in his favor.

Turner's false arrest and false imprisonment claims against Detective Dellemo and two John Doe police officers shall proceed. The Clerk of Court shall amend the caption to name these additional defendants. The Clerk of Court shall issue a summons against these defendants and the United States Marshals Service is directed to serve the summons, complaint, and a copy of this Memorandum and Order upon these defendants without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an

appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 2d, 2016
      Brooklyn, New York

/S/ Chief Judge Carol Bagley Amon
Carol Bagley Amon
Chief United States District Judge